

# Fourth Court of Appeals
## San Antonio, Texas

October 2, 2015

No. 04-14-00875-CV

**IN THE MATTER OF S.O.W**.,

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 1994-JUV-2115
Honorable Laura Parker, Judge Presiding

# O R D E R

Appellant, a juvenile certified to be tried as an adult, was convicted of capital murder and sentenced to life imprisonment on November 12, 1996. Appellant appealed and this court affirmed the trial court's judgment in an opinion issued on May 20, 1998. *See Williams v. State*, 974 S.W.2d 324 (Tex. App.—San Antonio 1998, pet. ref'd), *cert. denied*, 528 U.S. 908 (1999). Appellant recently filed a new notice of appeal and motion to set aside the judgment seeking to challenge the juvenile court's transfer order signed on October 18, 1994 in which it waived its jurisdiction and transferred appellant to the criminal district court for prosecution as an adult. *See* TEX. FAM. CODE ANN. § 54.02 (West 2014) (establishing the procedures for waiver of juvenile court jurisdiction and certification for trial as an adult).

Prior to January 1, 1996, an immediate appeal from a section 54.02 transfer order could be taken directly from the juvenile court to the court of appeals in the manner of civil cases. *See Moon v. State*, 451 S.W.3d 28, 39 (Tex. Crim. App. 2014) (citing Acts 1973, 63d Leg., ch. 544, § 1 p. 1483, eff. Sept. 1, 1973, codified at TEX. FAM. CODE ANN. 56.01(a)—(c)). In appellant's case, no immediate appeal was filed from the October 18, 1994 transfer order, and no issues were raised challenging the transfer order in the direct appeal from appellant's capital murder conviction.

Appellant's current notice of appeal was filed in this court on December 15, 2014. Under the applicable rules, a notice of appeal from the juvenile court's October 18, 1994 transfer order was due on November 17, 1994. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after the order or judgment is signed). Here, appellant's notice of appeal was filed twenty years after the deadline for filing the notice of appeal expired. *See id.*

It is therefore ORDERED that appellant show cause in writing **within thirty (30) days from the date of this order** why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). If appellant fails to respond within the time provided, this appeal

will be dismissed.  *See* TEX. R. APP. P. 42.3(c).  All deadlines in this matter are suspended pending resolution of the jurisdictional issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of October, 2015.

_____
Keith E. Hottle
Clerk of Court